IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02762-BNB

RONALD JENNINGS FOGLE,

    Plaintiff,

v.

ARCHER THOMAS ELLIOTT, JR.,

    Defendant.

## ORDER OF DISMISSAL

    Plaintiff, Ronald Jennings Fogle, is a prisoner in the custody of the Colorado Department of Corrections at the Crowley County Correctional Facility in Olney Springs, Colorado. Mr. Fogle has filed *pro se* a Prisoner Complaint asserting a number of legal malpractice claims against his former attorney. He seeks damages as relief. The Court must construe the Prisoner Complaint liberally because Mr. Fogle is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant like Ms. Moran. *See id.* For the reasons stated below, the Prisoner Complaint will be dismissed for lack of subject matter jurisdiction.

    Pursuant to Fed. R. Civ. P. 12(h)(3), the Court must dismiss an action if the Court lacks subject matter jurisdiction.

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited

>jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.

***Kokkonen v. Guardian Life Ins. Co. of Am.***, 511 U.S. 375, 377 (1994) (citations omitted). Furthermore, the issue of subject matter jurisdiction may be raised sua sponte by the Court at any time during the course of the proceedings. *See* ***McAlester v. United Air Lines, Inc.***, 851 F.2d 1249, 1252 (10th Cir. 1988).

Mr. Fogle is suing the attorney hired by Mr. Fogle's family to represent him in a civil rights action pursuant to 42 U.S.C. § 1983 against prison officials. *See* ***Fogle v. Slack***, No. 05-cv-01211-KHV-CBS (July 20, 2010). Mr. Fogle contends in this action that Defendant breached various rules of professional conduct and a duty of care owed to Mr. Fogle by conceding that Mr. Fogle's claims in 05-cv-01211-KHV-CBS should be dismissed. Mr. Fogle specifically contends that Defendant agreed to dismiss 05-cv-01211-KHV-CBS because he "wanted to go take care of his elderly mother" (Doc. #1 at 4) when he should have sought an extension of time to respond to an order to show cause why the remaining claims in that case should not be dismissed. The dismissal of 05-cv-01211-KHV-CBS was affirmed on appeal to the United States Court of Appeals for the Tenth Circuit. *See* ***Fogle v. Slack***, 419 F. App'x 860 (10th Cir. 2011).

Mr. Fogle asserts jurisdiction over his claims in the instant action pursuant to 28 U.S.C. § 1343 and he cites two other federal statutes, 42 U.S.C. §§ 1981 and 1983, in the jurisdiction portion of the Prisoner Complaint form. Although the Court has subject matter jurisdiction over civil rights claims asserted pursuant to § 1981 and § 1983, Mr. Fogle does not specifically assert any of his claims pursuant to either § 1981 or § 1983. Furthermore, even construing the Prisoner Complaint liberally, Mr. Fogle fails to allege

any facts that arguably might support a claim under either § 1981 or § 1983.  Instead, as Mr. Fogle concedes that he is bringing a "legal malpractice claim against [Defendant] for attorney misconduct on several grounds."  (Doc. #1 at 4.)

Mr. Fogle may not assert his legal malpractice claims against Defendant pursuant to 42 U.S.C. § 1981 because the facts he alleges will not support a claim under § 1981.  In order to establish a prima facie case of discrimination under § 1981, a plaintiff must show "(1) that the plaintiff is a member of a protected class; (2) that the defendant had the intent to discriminate on the basis of race; and (3) that the discrimination interfered with a protected activity as defined in § 1981."  **Hampton v. Dillard Dept. Stores, Inc.**, 247 F.3d 1091, 1102 (10th Cir. 2001).  Mr. Fogle does not allege that Defendant discriminated against him because of his race.  Instead, Mr. Fogle specifically contends that Defendant's alleged malpractice resulted from Defendant's desire to take care of his elderly mother.  Therefore, Mr. Fogle's legal malpractice claims may not be asserted pursuant to § 1981.

Mr. Fogle also may not assert his legal malpractice claims against Defendant pursuant to 42 U.S.C. § 1983.  Section 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights."  **Conn v. Gabbert**, 526 U.S. 286, 290 (1999).  "[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."  **Wyatt v. Cole**, 504 U.S. 158, 161 (1992).  "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or

wrongful." ***American Mfrs. Mut. Ins. Co. v. Sullivan***, 526 U.S. 40, 50 (1999) (internal quotation marks omitted). Therefore, the only proper defendants in a § 1983 action are those who "'represent [the state] in some capacity, whether they act in accordance with their authority or misuse it.'" ***NCAA v. Tarkanian***, 488 U.S. 179, 191 (1988) (quoting ***Monroe v. Pape***, 365 U.S. 167, 172 (1961)).

Mr. Fogle's legal malpractice claims do not rise to the level of a violation of his federal rights. ***See Brown v. Schiff***, 614 F.2d 237, 239 (10th Cir. 1980) (per curiam) (affirming dismissal of legal malpractice claims on jurisdiction grounds because mere malpractice claims are not cognizable under § 1983). Furthermore, Mr. Fogle specifically alleges that Defendant was not acting under color of state law. (***See*** Doc. #1 at 2.) Therefore, Mr. Fogle's legal malpractice claims also may not be asserted pursuant to § 1983.

To summarize, the facts alleged by Mr. Fogle in support of his legal malpractice claims do not support a cognizable federal claim pursuant to either 42 U.S.C. § 1981 or § 1983 and Mr. Fogle asserts no other basis for federal question jurisdiction. Mr. Fogle also does not assert diversity jurisdiction over his legal malpractice claims. Therefore, the Court finds that it lacks subject matter jurisdiction over the legal malpractice claims and the Prisoner Complaint must be dismissed. If Mr. Fogle wishes to pursue a legal malpractice claim against Defendant, he must do so in state court. Accordingly, it is

ORDERED that the Prisoner Complaint and the action are dismissed without prejudice for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3).

DATED at Denver, Colorado, this  15th  day of    November   , 2011.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court