IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02762-LTB

RONALD JENNINGS FOGLE,

    Plaintiff,

v.

ARCHER THOMAS ELLIOTT, JR.,

    Defendant.

---

ORDER DENYING MOTION TO RECONSIDER

---

    Plaintiff, Ronald Jennings Fogle, filed **pro se** on November 22, 2011, a "Motion to Reconsider" (Doc. #10) asking the Court to reconsider and vacate the Order of Dismissal and the Judgment entered in this action on November 15, 2011.  The Court must construe the motion to reconsider liberally because Mr. Fogle is not represented by an attorney.  **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).  For the reasons discussed below, the motion to reconsider will be denied.

    A litigant subject to an adverse judgment, who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)."  **Van Skiver v. United States**, 952 F.2d 1241, 1243 (10th Cir. 1991).  A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered.  **See** Fed. R. Civ. P. 59(e).  The Court will

consider Mr. Fogle's motion to reconsider pursuant to Rule 59(e) because the motion was filed within twenty-eight days after the Judgment was entered in this action. **See Van Skiver**, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." **Phelps v. Hamilton**, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." **Servants of the Paraclete v. Does**, 204 F.3d 1005, 1012 (10th Cir. 2000). However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously. **See id**.

Mr. Fogle initiated this action by filing a Prisoner Complaint asserting a number of legal malpractice claims against the attorney who represented him in a federal civil rights action against prison officials. **See Fogle v. Slack**, No. 05-cv-01211-KHV-CBS (D. Colo. July 20, 2010). Mr. Fogle also sought leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. On November 4, 2011, the filing fee for this action was paid.

Mr. Fogle asserted jurisdiction over his claims pursuant to 42 U.S.C. § 1343 and he also cited 42 U.S.C. §§ 1981 and 1983 in the jurisdiction portion of the Prisoner Complaint form. The Court dismissed the instant action without prejudice for lack of subject matter jurisdiction because, although the Court has subject matter jurisdiction

over civil rights claims asserted pursuant to 42 U.S.C. §§ 1981 and 1983, Mr. Fogle failed to allege any facts that arguably might support a claim pursuant to either § 1981 or § 1983. The Court noted that Mr. Fogle did not assert any other basis for federal question jurisdiction, and he did not assert diversity jurisdiction over his legal malpractice claims.

Mr. Fogle alleges in the motion to reconsider that he filed a Prisoner Complaint because that is the form he was provided by the Clerk of the Court when he inquired about the proper form to file a legal malpractice claim. He contends that he should not have been provided a Prisoner Complaint form if legal malpractice claims cannot be brought in federal court. Mr. Fogle next argues that he should not have had to pay the filing fee if the Court lacks subject matter jurisdiction. With respect to the Court's determination that the Court lacks subject matter jurisdiction, Mr. Fogle "believes his legal malpractice claim should be brought in the FEDERAL COURTS, because [Defendant] is a member of the 'FEDERAL BAR' representing his case in the 'FEDERAL COURTS' when the alleged attorney misconduct took place." (Doc. #10 at 2.) Mr. Fogle further alleges that he made a harmless error in checking the wrong jurisdiction box on the Prisoner Complaint form, and he complains that he was not given an opportunity to amend the Prisoner Complaint to properly assert subject matter jurisdiction. Mr. Fogle indicates in the motion to reconsider that he would be able "to establish Subject Matter Jurisdiction and/or diversity jurisdiction over his legal malpractise [sic] claims" (Doc. #10 at 3) if given an opportunity to do so.

On consideration of the motion to reconsider and the entire file, the Court finds that Mr. Fogle fails to demonstrate any reason for the Court to reconsider and vacate

the order to dismiss this action.  Mr. Fogle's argument that he should not have been provided a Prisoner Complaint form lacks merit because he is a prisoner and he is required to use the Court's Prisoner Complaint form for any non-habeas corpus claims he seeks to raise.  *See* D.C.COLO.LCivR 8.2A.  Because he is a prisoner, Mr. Fogle also is required to pay the filing fee.  *See* 28 U.S.C. § 1915(b)(1).

       The Court also disagrees with Mr. Fogle's assertion that he merely checked the wrong jurisdiction box on the Prisoner Complaint form.  In addition to marking the space provided on the Prisoner Complaint form for asserting civil rights claims pursuant to 42 U.S.C. § 1983, Mr. Fogle specifically indicated that he also was asserting his claims pursuant to 42 U.S.C. § 1981(a).  If Mr. Fogle intended to assert jurisdiction over his legal malpractice claims pursuant to some other statutory authority, he could and should have cited that statutory authority in the space provided on the Prisoner Complaint form.

       Finally, with respect to the alleged lack of notice or an opportunity to amend, the Court explained to Mr. Fogle that the issue of subject matter jurisdiction may be raised sua sponte by the Court at any time during the course of the proceedings.  *See McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988).  More importantly, despite the fact that he now is on notice of the jurisdictional deficiency, Mr. Fogle still fails in the motion to reconsider to demonstrate that the Court has subject matter jurisdiction over his legal malpractice claims.  Mr. Fogle's argument that his claims arose in federal court is not sufficient to establish subject matter jurisdiction, and Mr. Fogle fails to allege facts to demonstrate that diversity jurisdiction pursuant to 28 U.S.C. § 1332 exists.  Accordingly, it is

ORDERED that the Motion to Reconsider (Doc. #10) filed on November 22, 2011, is denied.

DATED at Denver, Colorado, this  30th  day of  November , 2011.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court